# EXHIBIT A

## SETTLEMENT, RELEASE, AND WAIVER
## OF FLSA CLAIMS

FOR AND IN CONSIDERATION of the mutual promises, covenants, and agreements made herein by **DIENESIA PAYNES** ("**Ms. Paynes**"), **O'NEIL HURSEFIELD** ("**Mr. Hursefield**") (collectively, "**Plaintiffs**") and **ALLY GROUP, LLC d/b/a MARIETTA LUXURY MOTORS, ALM KENNESAW LLC d/b/a ATLANTA LUXURY MOTORS KENNESAW, and KHUSHWANT BHATIA** (collectively "**Defendants**," a term that shall include all parent, subsidiary, and affiliate corporations, associated or controlled companies, their successors, predecessors, and assigns, and all past and present officers, directors, agents, stockholders, partners, owners, representatives, employees, insurers, attorneys, and employees thereof, other entities, assigns, and all persons acting on, by or through, under or in concert with them), the parties hereto do settle, waive, release, and agree to discharge all claims, controversies, demands, actions or causes of action raised in *Dienesia Paynes et al. v. Ally Group, LLC d/b/a Marietta Luxury Motors et al.*, **Civ. Action No. 1:19-cv-02327-JPB, currently pending in the United States District Court for the Northern District of Georgia ("Litigation")**, as follows:

**1.     Effective Date.** The parties agree that this Settlement, Release, and Waiver of FLSA Claims Agreement ("**Agreement**"), will be effective and enforceable upon full execution by both parties and entry of an Order by the United States District Court for the Northern District of Georgia (the "**Court**") approving of the Agreement ("**Effective Date**").

**2.     Court Approval of this Agreement**. The parties agree to jointly move the Court to approve this Agreement. The parties further agree that this Agreement is null and void if it is not approved by the Court.

**3.     Consideration.** For and in consideration of the promises, recitals, releases, waivers, terms, and conditions set forth in this Agreement, including but not limited to Plaintiffs' execution of an original of this Agreement, Defendants hereby agree to provide Plaintiffs the total gross settlement amount of **THIRTY-FOUR THOUSAND DOLLARS AND 00/100 CENTS ($34,000.00)** which will be allocated as follows:  **SIX THOUSAND, TWO HUNDRED AND FIFTY DOLLARS AND 00/100 CENTS ($6,250.00)** will be allocated as back wages for Ms. Paynes' claims in this Litigation for unpaid minimum wage under the Fair Labor Standards Act ("**FLSA**"); **SIX THOUSAND, TWO HUNDRED AND FIFTY DOLLARS AND 00/100 CENTS ($6,250.00)** will be allocated as liquidated damages for Ms. Paynes' claims in the Litigation for unpaid minimum wage under the FLSA; **SIX THOUSAND, TWO HUNDRED AND FIFTY DOLLARS AND 00/100 CENTS ($6,250.00)** will be allocated as back wages for Mr. Hursefield's claims in this Litigation for unpaid minimum wage under the FLSA; **SIX THOUSAND, TWO HUNDRED AND FIFTY DOLLARS AND 00/100 CENTS ($6,250.00)** will be allocated as liquidated damages for Mr. Hursefield's claims in the Litigation for unpaid minimum wage under the FLSA; **NINE THOUSAND, DOLLARS AND 00/100 CENTS ($9,000.00)** will be allocated as Plaintiffs' attorneys' fees and costs incurred in the Litigation (collectively, the "**Settlement Payment**").

The Settlement Payment will be made in the form of five (5) checks.  The first check will be in the amount of **SIX THOUSAND, TWO HUNDRED FIFTY DOLLARS AND 00/100**

**CENTS ($6,250.00)**, less applicable deductions and withholdings, and will be made payable to Ms. Paynes. The second check will be in the amount of **SIX THOUSAND, TWO HUNDRED FIFTY DOLLARS AND 00/100 CENTS ($6,250.00)**, without any deductions or withholdings, and will be made payable to Ms. Paynes. The third check will be in the amount of **SIX THOUSAND, TWO HUNDRED FIFTY DOLLARS AND 00/100 CENTS ($6,250.00)**, less applicable deductions and withholdings, and will be made payable to Mr. Hursefield. The fourth check will be in the amount of **SIX THOUSAND, TWO HUNDRED FIFTY DOLLARS AND 00/100 CENTS ($6,250.00)**, without any deductions or withholdings, and will be made payable to Mr. Hursefield. The fifth check will be in the amount of **NINE THOUSAND DOLLARS AND 00/100 CENTS ($9,000.00)**, without any deductions or withholdings, and will be made payable to **DOUGLAS R. KETSCHER, HILL, KERTSCHER & WHARTON, LLP ("Hill, Kertscher & Wharton")**. Plaintiffs agree that the Settlement Payment will be mailed to the offices of Hill, Kertscher & Wharton within fourteen (14) days of the Effective Date of this Agreement or receipt by Defendants of Forms W-4, G-4, and W-9 referenced in the next paragraph, whichever is later.

Plaintiffs will provide Defendants with completed IRS Forms W-4 and Georgia Form G-4, and Hill, Kertscher & Wharton will provide Defendants with a completed IRS Form W-9. With the exception of Defendants' share of payroll taxes for back wages, Plaintiffs will be solely responsible for any tax liability, penalties, and interest arising from the allocation of the Settlement Payment, including any taxes, penalties, and interest related to the taxable wage income paid to Plaintiffs under IRS Forms W-2 and 1099. Plaintiffs understand and agree that they have not relied on any express or implied representations by Defendants concerning the tax implications of the Settlement Payment. Defendants will not consider the Settlement Payment to be wages for purposes of calculating, or recalculating, benefits provided by, or to, Plaintiffs and their beneficiaries under the terms or conditions of any benefit plan maintained by Defendants for the benefit of employees and/or their beneficiaries.

Plaintiffs specifically acknowledge that they would not otherwise be entitled to the consideration set forth in this paragraph were it not for the covenants, promises, and releases set forth hereunder.

**4.    No Amounts Owing.** Plaintiffs acknowledge that Defendants will not owe them anything further once they receive the Settlement Payments related to the Litigation. Plaintiffs specifically acknowledge and agree that once they receive the Settlement Payments, Defendants will have compensated them for all hours that they contend to have worked and that they will have received all wages and compensation, to which they contend they are entitled under state and local law as well as the FLSA.

**5.    Release of Claims.** Plaintiffs release and forever discharge, and agree to hold harmless Defendants from any and all wage and hour related claims, causes of action, demands, suits, contracts, agreements, liens, judgments, debts, obligations, damages or liability which could have been raised in the Litigation, whether known or unknown, including but not limited to those claims, causes of actions, demands, debts, obligations, damages or liability allegedly arising from actions or failure to act by Defendants before the Effective Date of this Agreement under the FLSA or other laws relating to payment of wages, compensation, and/or overtime.

**6.    Compromise.** The parties agree that this Agreement and the aforementioned consideration (Settlement Payment) are a complete compromise and settlement of all matters contained in and pertaining to the Litigation, including disputed issues of law and fact. The parties agree that neither this Agreement nor the aforementioned consideration (Settlement Payment) is evidence of, and will not be construed as an admission of, liability or wrongdoing on the part of Defendants. Plaintiffs understand and agree that Defendants specifically deny liability in this Litigation and state that payment of the aforementioned consideration is made to settle disputed, denied, and contested claims. Plaintiffs further understand that Defendants have entered into this Agreement to avoid the additional expenses and additional costs of this Litigation.

**7.    Voluntary Dismissal.** The parties agree to request that the Court direct the Clerk of Court to dismiss this Litigation with prejudice upon approval of this Agreement. If the Clerk of Court does not do so within five (5) days of the Court's approval of this Agreement, the parties covenant and agree to execute or cause to be executed on their behalf by their respective counsel a Joint Stipulation of Voluntary Dismissal with Prejudice in the Litigation. A copy of the dismissal is attached to this Agreement.

**8.    Attorneys' Fees Release.** Except as provided herein, Plaintiffs specifically understand and agree that they will be responsible for all fees and costs owed to their attorney(s) or legal advisor(s) or to anyone else engaged by them for any reason related to this Litigation. Plaintiffs further unconditionally release and discharge Defendants from any claim for attorneys' fees and costs incurred by or for Plaintiffs or on Plaintiffs' behalf, in connection with the Litigation.

**9.    Adequate Consideration.** Both Plaintiffs and Defendants acknowledge that the consideration provided by each to the other is adequate and that this is a legally binding document with which all parties will faithfully comply.

**10.    Binding Nature.** This Agreement, and all the terms and provisions contained herein, will bind the heirs, personal representatives, successors, and assigns of each party, and inure to the benefit of each party, its agents, directors, officers, employees, servants, successors, and assigns.

**11.    Construction.** This Agreement will not be construed in favor of one party or against the other.

**12.    Severability.** This Agreement is contingent upon approval by the Court and will be null and void if it is not approved by the Court.

**13.    Compliance with Terms.** The failure to insist upon compliance with any term, covenant or condition contained in this Agreement will not be deemed a waiver of that term, covenant or condition, nor will any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**14.**     **Governing Law and Jurisdiction.**  This Agreement will be interpreted under the laws of the State of Georgia, both as to interpretation and performance.  Any action to enforce this Agreement or for breach thereof will be brought in the State of Georgia.

**15.**     **Section Headings.**     The section and paragraph headings contained in this Agreement are for reference purposes only and will not affect in any way the meaning or interpretation of this Agreement.

**16.**     **Counterparts.**  This Agreement may be executed in counterparts, each of which will be deemed an original, all of which together will constitute one and the same instrument.  The parties agree that signed facsimiles and .pdf copies have the same force and effect as originals.

**17.**     **No Admissions.**  It is understood and agreed by the parties that this Agreement represents a compromise and settlement for the allegations made in and compulsory to the Litigation and that the promises and payments and consideration of this Agreement will not be construed to be an admission of any liability or obligation by either party to the other party or any other person.

**18.**     **Entire Understanding.**  This Agreement and the attachments hereto embody the entire agreement of all the parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein.  The parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers or terminations of this Agreement, will be valid or binding, unless executed in writing by all of the parties to this Agreement.  This Agreement may be amended, and any provision herein waived, but only in writing, signed by the party against whom such an amendment or waiver is sought to be enforced.

**The parties declare that they have carefully read this Agreement, consulted an attorney, understand and execute this Agreement knowingly and voluntarily.**

*[Remainder of Page Intentionally Left Blank; Signature Page to Follow]*

**IN WITNESS WHEREOF**, the parties have executed this Agreement on the respective dates set forth below.

**DIENESIA PAYNES**

Date: _____

**O'NEIL HURSEFIELD**

Date: _____

**COUNSEL FOR PLAINTIFFS**

Name: _____
Date: _____

**ALLY GROUP LLC d/b/a MARIETTA LUXURY MOTORS**

Name: _KHUSHWANT BHATIA_
Date: _08/12/2019_

**ALM KENNESAW LLC d/b/a MARIETTA LUXURY MOTORS**

Name: _KHUSHWANT BHATIA_
Date: _08/12/2019_

**KHUSHWANT BHATIA**

Date: _08/12/2019_

**COUNSEL FOR DEFENDANTS**

Name: _____
Date: _____

**IN WITNESS WHEREOF**, the parties have executed this Agreement on the respective dates set forth below.

**DIENESIA PAYNES**

Date:_____

**ALLY GROUP LLC d/b/a MARIETTA LUXURY MOTORS**

Name: _KHUSHWANT  BHATIA_
Date:_____08/12/2019_____

**O'NEIL HURSEFIELD**

Date:_____08-07-2019_____

**ALM KENNESAW LLC d/b/a MARIETTA LUXURY MOTORS**

Name: _KHUSHWANT  BHATIA_
Date:_____08/12/2019_____

**COUNSEL FOR PLAINTIFFS**

Name:_____
Date:_____

**KHUSHWANT BHATIA**

Date:_____08/12/2019_____

**COUNSEL FOR DEFENDANTS**

Name:_____
Date:_____